UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| TEVIN LAMAR HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.    3:26-CV-331-TAV-JEM |
| | ) | |
| COUNTY OF KNOX, SHERIFF TOM | ) | |
| SPANGLER, ROGER D. WILSON | ) | |
| DETENTION FACILITY, STATE OF | ) | |
| TENNESSEE, and OFFICER | ) | |
| BORING, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff, an inmate of the Knox County Detention Facility, filed (1) a pro se complaint for violation of the Federal Tort Claims Act ("FTCA") regarding an alleged slip and fall incident and the lack of adequate medical care thereafter during his confinement [Doc. 2]; (2) a motion for leave to proceed *in forma pauperis* [Doc. 1]; and (3) a certified document indicating the balance of his inmate trust account [Doc. 7]. For the reasons set forth below, Plaintiff's motion [Doc. 1] will be **GRANTED**, and this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted and is duplicative.

## I.    FILING FEE

As Plaintiff's relevant filings [Docs. 1, 7] demonstrate that he cannot pay the filing fee upfront, his motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and he is **ASSESSED** the civil filing fee of $350.00. The custodian of his inmate trust account

is **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, 20% of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk. 28 U.S.C. §§ 1914(a), 1915(b)(2). To ensure compliance with this fee collection procedure, the Clerk is **DIRECTED** to provide a copy of this memorandum opinion and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This memorandum opinion and order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

2

Formulaic and conclusory recitations of the elements of a claim and allegations that do not raise a plaintiff's right to relief "above a speculative level" do not state a plausible claim. *Id.* at 681; *Twombly*, 550 U.S. at 570. But courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim under 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.** **Allegations**

Plaintiff alleges in relevant part that Officer Boring violated supervisor orders, violated jail policy, and failed to prevent risks to Plaintiff's safety by failing to ensure that the food tray slots in maximum security pod 1-D were locked shut during mandatory 30-minute checks on his shift between 7 and 10 p.m. on May 20, 2026 [Doc. 2, pp. 7, 8, 9, 11, 13]. As a result, inmates threw water-filled gloves out of the food tray slots during this time [*Id.* at 9, 11]. The water leaked out of the gloves onto the floor, and between 2 and 4 p.m. on May 21, Plaintiff slipped and fell in the water, which injured his knee and back [*Id.*].

Two days later, "the same injured knee gave out," and Plaintiff hit his head on the wall when he fell [*Id.* at 10]. But medical staff did not follow concussion protocol, denied Plaintiff band-aids and ointment for his knee, forced Plaintiff to wrap his knee in saran wrap and a bath towel, forced Plaintiff to sit on a metal bench without elevation of his knee despite his pain, denied Plaintiff crutches and had him walk 75–130 feet to his cell with officer assistance, were "rough" with Plaintiff's knee, and applied a bandage to Plaintiff's

3

knee without first applying Neosporin and band-aids [*Id.*]. Plaintiff also generally claims that he did not receive timely medical care and "was left to doctor [his] own wounds" despite not having medical training [*Id.* at 12].

Plaintiff classifies these events as a violation of the FTCA [*Id.* at 4]. Plaintiff has sued the Roger D. Wilson Detention Facility, Officer Boring, Knox County Sheriff Tom Spangler, Knox County, and the State of Tennessee [*Id.* at 2, 3, 7, 8].

**C.  Analysis**

As set forth above, Plaintiff alleges that the incidents in his complaint violated the FTCA. The FTCA provides that the United States is liable for the negligence of an employee "acting within the scope of his . . . employment, under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). But Plaintiff has not sued the United States in this action, nor has he set forth any facts suggesting that the United States may be liable for the incidents set forth in the complaint. Thus, the complaint fails to state a plausible FTCA claim.

Normally, the Court would now screen Plaintiff's complaint and determine whether it states a claim for violation of  Plaintiff's constitutional rights under § 1983. But at the same time Plaintiff filed the instant complaint, he filed a substantively identical and duplicative complaint against the same Defendants alleging that the same incidents violated his constitutional rights under § 1983. *Harper v. Knox Cnty., et al.*, No. 3:26-CV-330, Doc. 2.

Federal courts try to avoid "duplicative litigation." *See Smith v. S.E.C.*, 129 F.3d 356, 360 (6th Cir. 1997) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Accordingly, the Court will also **DISMISS** this action as duplicative. *Sanders v. Washington*, 582 F. Supp. 3d 543, 548 (W.D. Mich. 2022) (collecting cases that "conclude that a 'duplicative complaint is an abuse of the judicial process and is properly dismissed without prejudice as malicious' for prisoners suing governmental entities and those proceeding *in forma pauperis*" (citing *Daker v. Ward*, 999 F.3d 1300, 1308 (11th Cir. 2021))); *Skudnov v. U.S. Dep't of HUD*, No. 3:15-CV-100, 2015 WL 3892422, at *3 (W.D. Ky. June 24, 2015) (finding "[a] complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff'") (citation omitted).

As such, the complaint will be **DISMISSED** because it fails to state a plausible claim and is duplicative.

## III.   CONCLUSION

For the reasons set forth above:

1.   The motion for leave to proceed *in forma pauperis* [Doc. 1] is **GRANTED**;

2.   Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3.   The custodian of Plaintiff's inmate trust accounts is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.   The Clerk is **DIRECTED** to provide a copy of this memorandum and order and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.  Even liberally construing the complaint in Plaintiff's favor, it fails state a claim upon which relief may be granted;

6.  Accordingly, this action will be **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and as duplicative;

7.  For purposes of efficiency, the Clerk is **DIRECTED** to file Plaintiff's a certified document indicating the balance of his inmate trust account [Doc. 7] in his related case, *Harper v. Knox Cnty., et al.*, No. 3:26-CV-330; and

7.  The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

AN APPROPRIATE JUDGMENT ORDER WILL ENTER.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

6